UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

                            **MEMORANDUM OPINION AND ORDER**
                            Crim. No. 17-253 (01) (MJD)

David Kline,

    Defendant.

_____

Nathan H. Nelson, Assistant United States Attorney, Counsel for Plaintiff.

Marnie E. Fearon, Lathrop GPM LLP, Counsel for Defendant.

_____

This matter is before the Court on Defendant's Motion to Modify Sentence of Imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Doc. Nos. 317 and 328.)

I.    **Background**

On April 4, 2018, Defendant pleaded guilty to Count 1 of the Indictment which charged conspiracy to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, 280 grams or more of a mixture or substance containing a detectable amount of cocaine base and a mixture or substance containing a detectable amount of cocaine in violation of 21

1

U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.  As part of the Plea Agreement, Defendant stipulated that from 2016 through June 2017, Defendant entered an agreement with others to distribute heroin, cocaine and cocaine base, and that on May 1, 2017 police seized approximately 1,206.8 grams of heroin, 751.9 grams of cocaine base, and a stolen firearm at a stash house operated by Defendant and his co-conspirators.  (Plea Agreement at ¶ 2.)  Defendant also agreed that on August 14, 2017, police seized approximately 485 grams of heroin that Defendant knowingly possessed and stored on behalf of the conspiracy in the garage at a St. Paul residence.  (Id.)

On January 9, 2019, Defendant was sentenced to a term of imprisonment of 120 months, the statutory mandatory minimum sentence for the crime of conviction, followed by five years of supervised release.

To date, Defendant has served approximately 17 months of his 120 months sentence.  He is scheduled to be released from custody of the Bureau of Prisons ("BOP") on August 11, 2027.

Defendant now moves the Court for an Order converting the remainder of his sentence to a restrictive supervised release term such as home confinement.

## II.     Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The United States Sentencing Guidelines define in pertinent part "extraordinary and compelling reasons" due to medical condition of the defendant as:

(ii) The defendant is—

>    (I) suffering from a serious physical or medical condition,
>
>    (II) suffering from a serious functional or cognitive impairment, or

> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

### III.   Discussion

As is clear from the above statutory text, Defendant must first exhaust his administrative remedies before the Court can grant him any relief.  In his motion for compassionate release, Defendant asserts he filed a request for reduction in sentence on June 12, 2020, and that on June 24, 2020, the BOP denied his request, finding his "concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence." (Def. Ex. 9.)  There is no evidence in the record that Defendant appealed this decision as provided in the BOP's Administrative Remedy Program, which is set forth in 28 CFR § 542.10 et seq.  It therefore appears Defendant has not fully exhausted his administrative remedies.  However, the government has taken the position that the Court may consider Defendant's motion at this time. (Doc. No. 340 at 9.)

As to the merits of Defendant's motion, the Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to medical condition or age.  See U.S.S.G. § 1B1.13, cmt. 1(A).  Defendant is 49 years old.  He asserts he is obese and suffers from hypertension; health conditions that the CDC has recognized as putting one at increased risk for serious illness should they contract COVID-19.  Defendant tested positive for COVID-19 in April 2020. (Def. Ex. 4.)  He was quarantined for 14 days, and medical staff ordered that he be checked twice a day for fever, headache, cough, SOB, chest pain, and body aches. (Def. Ex. 6 at 7.)  His medical records show Defendant did not exhibit any symptoms.  (Id. at 2, 28-29, 38.)  Accordingly, based on the record before it, Defendant has not demonstrated that he suffers from a medical condition for which the BOP is unable to provide him appropriate medical treatment or one which substantially diminishes his ability to provide self-care within the environment of a correctional facility and one from which is he not expected to recover.

In addition, the Court finds that a sentence reduction would be contrary to the factors set forth in 18 U.S.C. § 3553(a).  Defendant was sentenced

approximately 18 months ago, and the § 3553(a) factors warranting a sentence of 120 months have not changed since that time.

Defendant was convicted of conspiracy to distribute controlled substances, including heroin, cocaine base and cocaine.  Given his role in the offense conduct – the principle supplier for a large-scale drug trafficking organization – he poses a danger to the community.  See United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991).  A sentence reduction would not reflect the seriousness of the offense, promote respect for the law or provide a just punishment.  In addition, a sentence reduction would create unwarranted sentencing disparities among defendants and would not afford adequate deterrence for the offense committed.

IT IS HEREBY ORDERED that Defendant's Motion to Modify Sentence of Imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. Nos. 317 and 328) is **DENIED**.

Date:   July 31, 2020

                                              s/ Michael J. Davis
                                              Michael J. Davis
                                              United States District Court