UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                    **MEMORANDUM OPINION AND ORDER**
                                    Crim. No. 17-253 (01) (MJD)

David Kline,

    Defendant.

_____

    Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

    Defendant is *pro se*.

_____

    This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 366.)

**I.    Background**

    On April 4, 2018, Defendant pleaded guilty to Count 1 of the Indictment which charged conspiracy to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, 280 grams or more of a mixture or substance containing a detectable amount of cocaine base and a mixture or substance containing a detectable amount of cocaine in violation of 21

1

U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.  On January 9, 2019, Defendant was sentenced to a term of imprisonment of 120 months, the statutory mandatory minimum sentence for the crime of conviction, followed by five years of supervised release.

Defendant is currently housed at Butner Medium I and is scheduled to be released from custody of the Bureau of Prisons ("BOP") on August 11, 2027.

Defendant previously filed a motion for compassionate release in July 2020.  That motion was denied.  (Doc. No. 343 (Memorandum Opinion and Order dated July 31, 2020).)

## II.     Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant

such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The United States Sentencing Guidelines define in pertinent part "extraordinary and compelling reasons" due to medical condition of the defendant as:

> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

### III. Discussion

This Court previously denied Defendant's motion for compassionate release, finding Defendant had failed to show "extraordinary and compelling reasons" due to medical condition or age. See U.S.S.G. § 1B1.13, cmt. 1(A). The Court found that Defendant tested positive for COVID-19 in April 2020, and was

3

asymptomatic. (Doc. No. 343.) Despite his medical conditions, the Court found that on the record before it, Defendant had not demonstrated that he suffered from a medical condition for which the BOP was unable to provide him appropriate medical treatment or one which substantially diminished his ability to provide self-care within the environment of a correctional facility and one from which is he not expected to recover. (Id.) The Court further found a sentence reduction would be contrary to the factors set forth in 18 U.S.C. § 3553(a).

In his current motion, Defendant again claims he suffers from medical conditions that put him at risk of serious injury from COVID-19, including obesity, hyperlipidemia, hypertension, chronic asthma, gout and peripheral edema.

Defendant's medical records show that he was fully vaccinated against COVID-19 in August 2021. (Doc. No. 373 at 71.) Defendant did test positive again in early 2022, and completed his isolation as of February 10, 2022 with no signs or symptoms of COVID-19. (Id. at 6.)

The government asserts that Defendant has failed to exhaust his administrative remedies as to his claims that his asthma, gout, hyperlipidemia

4

and peripheral edema because those medical conditions were not included in his first request to the Warden.  As to his claims regarding obesity and hypertension, Defendant has failed to show extraordinary and compelling circumstances warranting relief.

Assuming without deciding that Defendant has exhausted his administrative remedies, the Court finds there is no merit to his claim that his medical conditions present extraordinary and compelling circumstances warranting relief.  As noted above, Defendant did test positive for COVID-19 following the filing of the instant motion, and has recovered with no lasting symptoms.  Defendant's medical record further show that he is receiving appropriate medical care for his remaining medical conditions.  (See Doc. No. 373.)

The Court further finds that a sentence reduction is not supported by the sentencing factors set forth in 18 U.S.C. § 3553(a).  He continues to pose a danger to the community, given his role distributing controlled substances.  Furthermore, he still has over one-half of his 120 sentence to serve, therefore a sentence reduction would not reflect the seriousness of the offense, promote respect for the law or provide a just punishment.  In addition, a sentence

reduction would create unwarranted sentencing disparities among defendants and would not afford adequate deterrence for the offense committed.

IT IS HEREBY ORDERED that Defendant's Motion to Modify Sentence of Imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. No. 366) is **DENIED**.

Date:   April 12, 2022

s/Michael J. Davis
Michael J. Davis
United States District Court
